UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| WILLIAM M. TEBOW, ET AL. | CIVIL ACTION NO. 06-1514-A |
|---|---|
| -vs- | JUDGE DRELL |
| BRADEX OIL & GAS, INC., ET AL. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court are the Motion to Abstain and to Remand (Document No. 15) and the Motion for Expedited Hearing (Document No. 16) filed by Plaintiffs on September 6, 2006. As this prompt dispensation of the matter shows, the Motion for Expedited Hearing (Document No. 16) is GRANTED. Regarding the Motion to Abstain and to Remand, appropriate written response has been provided, and the Court finds no need for oral argument. For the reasons that follow, the Motion to Remand is GRANTED, and this suit is REMANDED to the Twelfth Judicial District Court, Avoyelles Parish, Louisiana.

## BACKGROUND

The captioned action (which was originally filed in the Twelfth Judicial District Court for the Parish of Avoyelles, Louisiana on April 18, 2005, and which bears Number 2005-7728-B on the docket of that court) involves claims for soil and

groundwater contamination allegedly resulting from the oil and gas exploration and production activities of numerous entities on certain fields in Avoyelles Parish. (Document No. 1.) Plaintiffs have represented to this Court that trial in the state court litigation is scheduled to begin October 11, 2006. (Document No. 16.)

According to BEPCO, L.P., formerly known as Bass Enterprises Production Company ("Bass"), a defendant in the state court suit, Santa Fe Minerals, Inc. ("Sante Fe"), also a named defendant in the Avoyelles Parish litigation, filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware on August 16, 2006. Bass further asserts that, on the same date, Santa Fe was dismissed from the Avoyelles Parish litigation pursuant to an *ex parte* motion made by Plaintiffs.[1] Additionally, Bass explains that 15375 Memorial Corporation, Sante Fe's parent company, also filed for Chapter 11 protection in the United States Bankruptcy Court for the District of Delaware on August 16, 2006. Subsequently, Bass filed a Third Party Petition in the Avoyelles Parish suit "asserting alter ego and other claims against companies related to Sante Fe." (Document No. 8.)[2] By ex parte Order dated

---

[1] In its Opposition to Motion to Abstain and to Remand, Bass contends Sante Fe was dismissed from the state court litigation on August 17, 2006, the day after Santa Fe's Delaware bankruptcy filing. (Document No. 18.)

[2] A review of the Third Party Petition shows Sante Fe Minerals, Inc. and 15375 Memorial Corporation, the entities that had filed for bankruptcy protection, were not named by Bass as third party defendants. (Document 18, Exhibit "A.")

August 23, 2006, the Third Party Petition was stricken by the state court as procedurally inappropriate. (Document No. 15, Exhibit "A.")

Bass filed a Notice of Removal on September 1, 2006 contending such removal was proper pursuant to 28 U.S.C. § 1452, because the underlying litigation "is related to and may effect (sic) the administration of Santa Fe's [b]ankruptcy [c]ase ." (Document No. 8.) In their Motion to Abstain and Remand, Plaintiffs contend the matter is beyond the scope of this Court's limited jurisdiction, or, alternatively, the case satisfies the requirements for mandatory or discretionary abstention under 28 U.S.C. § 1334.

## LAW AND ANALYSIS

28 U.S.C. § 1452 provides, in pertinent part: "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." United States district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

The party removing an action to federal court bears the burden of establishing the basis for federal subject matter jurisdiction. To determine whether jurisdiction is present for removal, the claims in the state court petition

3

are to be considered as they existed at the time of removal. Any ambiguities are to be construed against removal. Manguno v. Prudential Property and Casualty Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

As noted above, Bass asserts federal jurisdiction is established because the state court claims "relate to" a case under Title 11. While Congress has failed to define the term "related to" in the Bankruptcy Code, the courts have articulated the following definition: "whether the outcome of that proceeding could *conceivably* have an effect on the estate being administered in bankruptcy." Wood v. Wood (In re Wood), 825 F.2d 90, 93 (5th Cir. 1987). In In Re: Stonebridge Technologies, Inc., 430 F.3d 260, 266 (5th Cir. 2005), the court further explained: "More specifically, an action is related to bankruptcy if 'the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'"

In the instant case, neither entity which has filed for bankruptcy protection was a party to this litigation at the time of removal. Based on subsequent events in the bankruptcy proceeding, there appear to be alter ego allegations. Even so, given the constraints of La. Civ. Code art. 2324(b), the outcome of the current state court suit would not alter Santa Fe's rights, liabilities, options, or freedom of action. Likewise, the progress of the state court suit will not impact the handling and administration of the bankrupt estate. Indeed, any potential third

party claims by Bass against any debtor or against any bankruptcy estate would likely be litigated in the bankruptcy proceeding in the same way as if Bass had never been a party to the state court action. Thus, 28 U.S.C. § 1334 does not confer subject matter jurisdiction on this Court.

Also, as noted above, 28 U.S.C. § 1452(b) allows remand on any equitable ground. If this Court were to exercise jurisdiction over the instant matter, it would next be confronted with Bass's request to transfer this action to the United States District Court for the District of Delaware. The property at issue is in Louisiana, the case is set for trial in Avoyelles Parish, and extensive pretrial proceedings have apparently been held there. Under these circumstances, the idea of transferring this case to Delaware is highly impractical and grossly inequitable to the parties, to their presently constituted and retained attorneys, and to the administration of justice in general. This being the case, and given the discretionary nature of the exercise of removal jurisdiction regarding bankruptcy matters, this suit would be properly remanded, regardless of the "related to" analysis set forth above.[3]

Additionally, remand in this case, rather than the exercise of jurisdiction and forced consideration of transfer to a foreign venue, in no way harms the progress of the Delaware bankruptcy proceeding. If issues which relate to the

---

[3] Because jurisdiction is not found, it is unnecessary to address any issues regarding abstention.

bankrupty estate(s) actually arise in the state court suit, those matters can be dealt with directly pursuant to the bankruptcy court's powers of automatic stay and injunction.

**CONCLUSION**

For the reasons set forth above, the Motion for Expedited Hearing (Document No. 16) is GRANTED, the Motion to Remand (Document No. 15) is GRANTED, and this suit is REMANDED to the Twelfth Judicial District Court, Avoyelles Parish, Louisiana.

SIGNED on this 20th day of September, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge